The Honorable Bobby Wood State Representative 2806 Harrisburg Road Jonesboro, Arkansas 72401-8789
Dear Representative Wood:
This opinion is being issued in response to your recent questions regarding record retention periods. You have presented the following question:
 What is the retention period for the following municipal court records:
 • Court docket books for traffic, misdemeanor, civil and small claims cases;
• Warrants that cannot be served;
• Completed ticket books;
• Receipts for payments received;
• Tickets for DWI cases;
• Tickets for Failure to Appear in Court; and
• Monthly deposit and settlement reports.
RESPONSE
Arkansas law provides explicit statutory authority for the destruction of original records that have been preserved or reproduced. Both A.C.A. §14-2-203 and A.C.A. § 16-46-101 provide such authority, and list the acceptable means of preservation or reproduction.[1] Both are also clearly applicable to municipal court records. It is my opinion that any of the records about which you have inquired may be disposed of if they have been preserved or reproduced by any of the acceptable means listed in those statutes.
There is significantly less statutory guidance for assessing the propriety of destroying public records along with all copies thereof. I have previously opined that in the absence of clear legislative authority for such complete destruction, some form of the records in question must be maintained. See Op. Att'y Gen. No. 92-100. (I opined therein that copies of the records maintained on computer are sufficient.)
I have identified clear legislative authority of this nature for the complete destruction[2] of only one of the types of records about which you have inquired: Completed ticket books. Under the provisions of A.C.A. § 16-10-207(1)(F), completed "uniform ticket books" must be maintained for a period of at least three years, and may not be disposed of prior to being audited for the period in question. After three years, "uniform ticket books" may be destroyed. The "uniform ticket books" to which this statutory provision applies are also referred to in A.C.A. §16-10-205 as "citation books," "summons books," and "ticket books," and are described in that statutory section as reflecting violations of "all municipal and state laws." Presumably such books would include tickets for DWI cases and tickets for Failure to Appear in Court (about which you specifically inquired), since these are violations of state laws.[3]
I have identified no clear legislative authority for the complete destruction of the other records about which you inquired: Docket books, warrants, receipts, and monthly deposit and settlement reports. Again, however, as discussed previously, it is my opinion that the originals of these records may be destroyed pursuant to A.C.A. § 14-2-203 and A.C.A. § 16-46-101, if they have been preserved or reproduced in accordance with those statutes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] A.C.A. § 14-2-201 lists "photostatic copies, photographs, microfilms, or reproductions of films of public records. . . ." A.C.A. §16-46-101 lists reproduction by "photographic, photostatic, microfilm, microcard, miniature photographic, optical disk, electronic imaging, or other process which accurately reproduces or forms a durable medium for so reproducing the original. . . ."
[2] In using the phrase "complete destruction," I am referring to the destruction of the record along with all copies thereof.
[3] I find no statutory authority for the complete destruction of any other records relating to DWI cases. It should be noted that sentences for DWI offenses can be enhances if the defendant was convicted of DWI within the previous three years. A.C.A. § 5-65-104. I have previously opined that some form of the records relating to such cases must be maintained indefinitely. See Op. Att'y Gen. No. 92-100.